United States District Court
Southern District of Texas
FILED

MAR 0 1 2000

MICHAEL N. MILBY, CLERK

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOIS JEAN CAGE | § | **C-00-093** |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| MADELINE E. BONNER, | § | |
| THE ESTATE OF SAMUEL BONNER | § | |
| AND REYNOLDS METALS COMPANY | § | |

### DEFENDANT REYNOLDS METALS COMPANY'S NOTICE OF REMOVAL

Reynolds Metals Company, a defendant in the above-entitled action, removes this cause from the District Court, 148th Judicial District, Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division. Defendant, Reynolds Metals Company removes this case pursuant to 28 U.S.C. §§ 1441 and 1446, on the ground of federal question jurisdiction under 28 U.S.C. § 1331. In support of this removal, Defendant respectfully shows the following:

1.      On January 28, 2000, Plaintiff filed her First Original Petition in the District Court, 148th Judicial District of Nueces County, Texas. Defendant Reynolds Metals Company was served on February 10, 2000. No other defendant has been served.

2.      According to Plaintiff's First Original Petition, Plaintiff was married to Samuel Floyd Bonner from on or about 1956 until on or about September 22, 1975. According to Plaintiff's First Original Petition, throughout the marriage of Plaintiff and Samuel Floyd Bonner, Samuel Floyd Bonner was employed by Reynolds Metals Company. Plaintiff sues to recover retirement benefits accrued by Samuel Floyd Bonner during his employment at Reynolds Metals Company. In support

of her claim to the benefits, Plaintiff makes reference to a document called "Agreement Incident to Divorce" filed on October 1, 1975 in the 24th Judicial District of Refugio County, Texas.

3.      The retirement benefits at issue exist under the Reynolds Metals Company Pension Plan for Hourly Employees.  That plan is an ERISA-covered pension plan.

4.      Claims for benefits under an ERISA pension plan are preempted by the exclusive remedial provisions of ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 401 (1987); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292-95 (5th Cir. 1989).

5.      The claims asserted by Plaintiff are completely preempted and displaced by ERISA's civil enforcement provisions, 29 U.S.C. §§ 1132 and 1144.  Consequently, this suit is an action which may be removed to this Court pursuant to 28 U.S.C. § 1441(b). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

6.      The Fifth Circuit Court of Appeals has recognized that this type of claim for benefits brought by a potential plan beneficiary is properly classified as an ERISA claim. *See Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 610-11 (5th Cir. 1999).

7.      This notice of removal is being filed within 30 days of service of Plaintiff's First Original Petition on Defendant, Reynolds Metals Company.  Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).  Again, neither of the other defendants have been served. Only properly joined and served defendants are required to join in the notice of removal. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991).

8.      Under 28 U.S.C. § 1441(a) venue of the removed action is proper in this court as the district and division embracing the place where the action is pending.

9.    Attached to this notice of removal and incorporated herein are the following documents:

(i)     Index of exhibits to notice of removal;

(ii)    Executed process for service upon Defendant, Reynolds Metals Company (Exhibit "A");

(iii)   Plaintiff's First Original Petition (Exhibit "B");

(iv)    A copy of the State Court's civil dockets sheets (Exhibit "C");

(v)     A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit "D"); and,

(vi)    Defendant's Original Answer to Plaintiff's First Original Petition (Exhibit "E").

10.    Defendant will promptly give Plaintiff written notice of the filing of this notice of removal and is today filing a copy of that notice, together with a copy of this notice of removal and the attachments with the clerk of the 148th Judicial District Court, Nueces County, Texas, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

_____

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Southern District of Texas Bar No. 17118
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Reynolds Metals Company's Notice of Removal has been delivered to counsel for Plaintiff by certified mail, return receipt requested, on this the 1st day of March, 2000.

Katharine Henkel
Attorney at Law
1750 Santa Fe
Corpus Christi, Texas 78404

Certified Mail, Return Receipt
Requested # Z 227 977 663

_____

Robert S. Nichols

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LOIS JEAN CAGE** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **MADELINE E. BONNER, THE ESTATE** | § | |
| **OF SAMUEL BONNER AND** | § | |
| **REYNOLDS METALS COMPANY** | § | |

## <u>INDEX OF EXHIBITS TO NOTICE OF REMOVAL</u>

Exhibit A:      Executed Process for personal service upon Defendant Reynolds Metals Company

Exhibit B:      Plaintiff's First Original Petition;

Exhibit C:      State Court Civil Docket Sheets;

Exhibit D:      List of all Counsel of Record; and

Exhibit E:      Defendant Reynolds Metals Company's Original Answer to Plaintiff's First Original Petition.

A

ORI

Citation for Personal Service - RESIDENT (CERTIFIED MAIL)

Lit. Seq. # 5.004.01

No. 00-00509-00-0-E

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
REYNOLDS METALS CO.
MAY BE SERVED THROUGH ITS REGISTERED AGENT FOR SERVICE, CORP. SERVICE CO.
800 BRAZOS
AUSTIN, TEXAS
the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

FIRST ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 148th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on JANUARY 28, 2000. A copy of same accompanies this citation.

The file number of said suit being No. 00-00509-00-0-E.
The style of the case is:

CAGE, LOIS JEAN
VS.
BONNER, MADELINE E., ET AL

Said petition was filed in said court by _____KATHARINE HENKEL_____
(Attorney for _____PLAINTIFF_____), whose address is
1750 SANTA FE, CORPUS CHRISTI  78404

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the _8th_ day of FEBRUARY, A.D. 2000.

OSCAR SOLIZ_____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By _Gracie Cantu_____, Deputy
GRACIE CANTU

B

Created www.fminine.com

CAUSE NO. ___00-509-E___

| | |
|---|---|
| LOIS JEAN CAGE | IN THE DISTRICT COURT |
| VS. | 148ᵗʰ JUDICAL DISTRICT |
| MADELINE E. BONNER, THE ESTATE OF SAMUEL BONNER AND REYNOLDS METALS COMPANY | NUECES COUNTY, TEXAS |

## FIRST ORIGINAL PETITION

COMES NOW, Lois Jean Cage, Petitioner, and files this her First Original Petition and would respectfully show as follows:

1. Discovery Level

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2. Parties

This suit is brought by Lois Jean Cage who resides at 1515 Ennis Joslin Rd., Apt. 28, Corpus Christi, Texas 78412. Defendant Madeline E. Bonner lives in Beeville, Texas. Defendant Estate of Samuel Bonner is sued by and through the presumed executor and/or primary beneficiary of his estate, Madeline E. Bonner. Defendant Reynolds Metals Company is a Delaware corporation doing business in Texas.

3. Venue

Plaintiff has been a domiciliary of Nueces County, Texas since 1982, prior to and during the accrual of this cause of action.

4. Service

Defendant Madeline E. Bonner can be served at _____, Beeville, Texas. Defendant Estate of Samuel Floyd Bonner can be served by and through the presumed executor and/or primary beneficiary of the estate, Madeline E. Bonner at _____, Beeville, Texas. Defendant Reynolds Metals Company can be served by and through its registered agent for service, Corp. Service Co., 800 Brazos, Austin, Texas.

NO. 4930

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE | I | IN THE DISTRICT COURT OF |
| OF LOIS JEAN BONNER | I | |
| AND SAMUEL FLOYD BONNER | I | REFUGIO COUNTY, TEXAS |
| AND IN THE INTEREST OF | I | |
| CHET KERWIN BONNER and | I | |
| CHAD KELVIN BONNER, | I | |
| CHILDREN | I | 24TH JUDICIAL DISTRICT |

## AGREEMENT INCIDENT TO DIVORCE

THIS AGREEMENT between SAMUEL FLOYD BONNER, called

Husband, and LOIS JEAN BONNER, called Wife, IS AS FOLLOWS:

### Section I

#### CIRCUMSTANCES UNDER WHICH AGREEMENT IS MADE

A.  This agreement is made in contemplation of and incident

to a divorce between Husband and Wife.

B.  The parties are now living apart from one another and

the separation most likely will be permanent.

### Section II

#### DIVISION OF PROPERTY

A.  During their marriage the parties have acquired certain

property by means other than gift, devise or descent, and now wish

to divide that property in a manner that is just and right and with

due regard for the rights of each party (and any children of the

marriage).

B.  It is therefore agreed that Wife shall own, possess and

enjoy, free from any claim of Husband, the property listed in

Schedule 1 and that Husband shall own, possess and enjoy, free

from any claim of Wife, the property listed in Schedule 2.  Husband

-1-

due on October 30 , 1975, and on the 30th day of

each month thereafter until the child with respect to whom payments

are made shall attain the age of eighteen years.

(2) In order to discharge his duty to support the child

designated as Child No. 2 above, Husband agrees to pay the following

sums to the persons or firms, and on the conditions, now stated:

EIGHTY-EIGHT and 50/100 DOLLARS ($88.50) per month in monthly

installments to LOIS JEAN BOHNER with the first installment being

due on October 30 , 1975, and on the 30th day of each

month thereafter until the child with respect to whom payments

are made shall attain the age of eighteen years.

C. Each child designated above is a third-party beneficiary

of the covenants made above for his benefit and (in his own name

or by next friend or other representative) may enforce the per-

formance of those covenants.

D. The contractual benefits and remedies of a child under

this agreement are cumulative of any other rights and remedies now

or hereafter given to the child by law except that any child support

payment made by Husband under a judicial decree for such support

shall constitute credits against and pro tanto discharge of the

support payments called for in this section.

E. In his Federal income tax return for a calendar year in

which Husband has performed all covenants of support specified above

for the benefit of a given child, Husband shall be entitled to the

dependency exemption for that child and Wife shall not claim any

competing deduction in her return. However, if during a given

calendar year, taken in its entirety, Husband has failed to furnish

all or any part of the support specified above for the benefit

of a particular child, Husband shall forfeit his right to any dependency

-3-

CISPDF - www.fastio.com

Case 2:00-cv-00093   Document 1   Filed in TXSD on 03/01/2000   Page 12 of 21

reasonable attorney's fees and other collection expenses if
enforcement or collection must be made through probate or bankruptcy
proceedings. "Party obligee" includes a child who is a third-
party beneficiary and his next friend or other representative.

### Section VIII

### AGREEMENT TO SURVIVE JUDGMENT

This Agreement, if approved by the Court and incorporated in
the Court's judgment, shall survive the judgment and thereafter
be binding on the parties, their heirs and representatives, until
it has been fully performed according to its own terms.

### Section IX

### OTHER PROVISIONS

A. A masculine pronoun, as indicated by its immediate
context may include the masculine, feminine or neuter gender or
any of them.

B. All Schedules and other instruments referred to in this
agreement are incorporated in this agreement as completely as if
they were copied verbatim in the body of it.

C. Each party acknowledges that he has carefully read this
instrument, including all Schedules and other documents which it
refers to; that he has discussed its provisions with an attorney
of his own choice and is executing it in reliance on his own
judgment and the advice of his own attorney; and that this
instrument expresses the entire agreement between the parties
concerning the subjects which it purports to cover.

D. With reference to all property referred to or described
in this agreement, each party, on or before the day a divorce is
granted, shall execute and deliver all deeds, assignments, docu-
ments of title and other instruments necessary to vest title in

-5-

Case 2:00-cv-00093   Document 1   Filed in TXSD on 03/01/2000   Page 13 of 21

## SCHEDULE I

1. The parties's residence located at 208 Shelly, Refugio, Texas.

2. The color television located in the residence at 208 Shelly, Refugio, Texas.

3. ~~1971 Pontiac Grand Prix Automobile~~

4. All Household Furniture

5. All Clothing, personal belongings and other property presently in the possession of LOIS JEAN BONNER.

-7-

CWPDF - www.fexto.com

C

Child PDF Scanner-limits.com

Case 2:00-cv-00093   Document 1   Filed in TXSD on 03/01/2000   Page 15 of 21

RUN DATE 02/29/2000
RUN TIME  8:31 AM

* * *  C L E R K ' S   E N T R I E S  * * *     FROM 01/28/2000  THRU 02/29/2000

CAGE, LOIS JEAN

vs

BONNER, MADELINE E., ET AL

(10)   OTHER CIVIL CAUSES

* * * DOCKET ENTRIES * * *

| | |
|---|---|
| 01/28/2000 | * * * DOCUMENTS FILED * * * |
| 01/28/2000 | ORIGINAL PETITION FILED |
| 01/28/2000 | REQ FOR SVC SHEET/FF |
| 02/08/2000 | CIVIL CASE INFO SHEET/FF |
| 02/08/2000 | CITATION (PU): MADELINE E. BONNER |
|  | SERVED: |
| 02/08/2000 | CITATION (PU): SAMUEL BONNER, ESTATE OF |
|  | SERVED: |
| 02/08/2000 | CITATION (CM): RAYNOLDS METALS CO. |
| 02/08/2000 | SERVED: 02/10/2000    FILED: 02/14/2000 |

PRINTED IN U.S.A.

60#

D

CutePDF - www.1pstui.com

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOIS JEAN CAGE | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| MADELINE E. BONNER, THE ESTATE | § | |
| OF SAMUEL BONNER AND | § | |
| REYNOLDS METALS COMPANY | § | |

## COUNSEL OF RECORD

1.    Robert S. Nichols

      Attorney-in-Charge

      State Bar No. 15006400

      Southern District of Texas Bar No. 17118

      Bracewell & Patterson, L.L.P.

      2000 One Shoreline Plaza-South Tower

      800 North Shoreline Boulevard

      Corpus Christi, Texas 78401-3700

      Telephone: (361) 882-6644;   Telecopier: (361) 882-6659

      ATTORNEY FOR DEFENDANT

      REYNOLDS METALS COMPANY

2.     Katharine Henkel

       Attorney-in-Charge

       State Bar No. 09463490

       Southern District of Texas Bar No.  15202

       1750 Santa Fe

       Corpus Christi, Texas 78404

       Telephone: (361) 884-9200; Telecopier: (361) 883-7280

       ATTORNEY FOR PLAINTIFF

       LOIS JEAN CAGE

CitePDF – www.fasoo.com

E

CREATE - www.fmjfp.com

## CAUSE NO. 00-00509-E

| | | |
|---|---|---|
| LOIS JEAN CAGE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 148th JUDICIAL DISTRICT |
| | § | |
| MADELINE E. BONNER, THE ESTATE | § | |
| OF SAMUEL BONNER AND | § | |
| REYNOLDS METALS COMPANY | § | NUECES COUNTY, TEXAS |

### DEFENDANT REYNOLDS METALS COMPANY'S ORIGINAL
### ANSWER TO PETITIONER'S FIRST ORIGINAL PETITION

COMES NOW Defendant REYNOLDS METALS COMPANY and file this its Original

Answer to Petitioner's First Original Petition in the above-numbered and styled cause, and in support

of its Answer would respectfully show unto the Court the following:

### General Denial

Defendant Reynolds Metals Company asserts a general denial with respect to all matters set

forth in Petitioner's First Original Petition as is authorized by Tex.R.Civ.P. 92 and demands that

Petitioner prove her charges and allegations against Defendant Reynolds Metals Company.

### Affirmative Defense

For further answer, if any is needed, Defendant Reynolds Metals Company alleges that

Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act

(ERISA).

WHEREFORE, Defendant Reynolds Metals Company, having answered Petitioner's First

Original Petition and asserted its defenses thereto, pray that judgment be entered in Defendant

Reynolds Metals Company's favor and that Petitioner's First Original Petition be dismissed in its

entirety.

FILED - OSCAR SOLIZ
CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
2000 FEB 29 P 2: 56
BY
DPTY

DATED: February 29, 2000

Respectfully submitted,

_____

Robert S. Nichols
State Bar No. 15006400
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Defendant Reynolds Metals Company's Original Answer to Petitioner's First Original Petition** has been served on Plaintiff's counsel of record as indicated below on this 29th day of February, 2000.

Katharine Henkel                          **Certified Mail, Return Receipt**
Attorney at Law                           **Requested # Z 227 977 860**
1750 Santa Fe
Corpus Christi, Texas 78404

_____

Robert S. Nichols