United States District Court
Southern District of Texas
FILED

MAR 0 1 2000

MICHAEL N. MILBY, CLERK

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LOIS JEAN CAGE** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. *C-00093*** |
| | § | |
| **MADELINE E. BONNER, THE ESTATE** | § | |
| **OF SAMUEL BONNER AND** | § | |
| **REYNOLDS METALS COMPANY** | § | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that I, in accordance with 28 U.S.C. § 1446(d), on this date gave written

notice of removal to all adverse parties by serving on Katharine Henkel, Attorney at Law, 1750 Santa

Fe, Corpus Christi, Texas 78404, counsel for Plaintiff, Defendant Reynolds Metals Company's

Notice of Filing Notice of Removal to Federal Court with its attachments. A copy of same is

attached to this certificate. I also certify that a copy of the Notice was filed, in accordance with 28

U.S.C. § 1446(d), with the Honorable Oscar Soliz, District Clerk for Nueces County, Texas.

Dated: March 1, 2000

Respectfully submitted,

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Southern District of Texas Bar No. 17118
**Bracewell & Patterson, L.L.P.**
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Certificate of Filing and Service has been delivered to counsel for Plaintiff in the manner indicated below, on this the 1st day of March, 2000.

Katharine Henkel
Attorney at Law
1750 Santa Fe
Corpus Christi, Texas 78404

**Certified Mail, Return Receipt
Requested # Z 227 977 663**

Robert S. Nichols

## CAUSE NO. 00-00509-E

| | | |
|---|---|---|
| **LOIS JEAN CAGE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **148th JUDICIAL DISTRICT** |
| | § | |
| **MADELINE E. BONNER, THE ESTATE** | § | |
| **OF SAMUEL BONNER AND** | § | |
| **REYNOLDS METALS COMPANY** | § | **NUECES COUNTY, TEXAS** |

### DEFENDANT REYNOLDS METALS COMPANY'S
### NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

TO:   Katharine Henkel, attorney for Plaintiff, 1750 Sante Fe, Corpus Christi, Texas 78404.

Pursuant to 28 U.S.C. § 1446(d), Defendant Reynolds Metals Company hereby gives written

notice to all adverse parties that Defendant Reynolds Metals Company's Notice of Removal, a copy

of which is attached, was filed today with the Clerk of the United States District Court for the

Southern District of Texas, Corpus Christi Division.   A copy of this written notice and its

attachments have been filed with the Clerk of the 148th District Court of Nueces County, Texas.

Accordingly, the civil action has been removed, and the 148th District Court of Nueces

County, Texas, shall proceed no further unless and until the case is remanded.



Dated: March 1, 2000

Respectfully submitted,

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Southern District of Texas Bar No. 17118
**Bracewell & Patterson, L.L.P.**
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Reynolds Metals Company's Notice of Filing Notice of Removal to Federal Court has been served on Plaintiff's counsel of record as indicated below on this 1st day of March, 2000.

Katharine Henkel
Attorney at Law
1750 Santa Fe
Corpus Christi, Texas 78404

**Certified Mail, Return Receipt
Requested # Z 227 977 663**

Robert S. Nichols

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

**MAR 0 1 2000**

**MICHAEL N. MILBY, CLERK**

| | | |
|---|---|---|
| **LOIS JEAN CAGE** | § | |
| | § | |
| **V.** | § | CIVIL ACTION NO. **C - 00 - 093** |
| | § | |
| **MADELINE E. BONNER,** | § | |
| **THE ESTATE OF SAMUEL BONNER** | § | |
| **AND REYNOLDS METALS COMPANY** | § | |


### DEFENDANT REYNOLDS METALS COMPANY'S NOTICE OF REMOVAL

Reynolds Metals Company, a defendant in the above-entitled action, removes this cause from the District Court, 148th Judicial District, Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division. Defendant, Reynolds Metals Company removes this case pursuant to 28 U.S.C. §§ 1441 and 1446, on the ground of federal question jurisdiction under 28 U.S.C. § 1331. In support of this removal, Defendant respectfully shows the following:

1.    On January 28, 2000, Plaintiff filed her First Original Petition in the District Court, 148th Judicial District of Nueces County, Texas. Defendant Reynolds Metals Company was served on February 10, 2000. No other defendant has been served.

2.    According to Plaintiff's First Original Petition, Plaintiff was married to Samuel Floyd Bonner from on or about 1956 until on or about September 22, 1975. According to Plaintiff's First Original Petition, throughout the marriage of Plaintiff and Samuel Floyd Bonner, Samuel Floyd Bonner was employed by Reynolds Metals Company. Plaintiff sues to recover retirement benefits accrued by Samuel Floyd Bonner during his employment at Reynolds Metals Company. In support

of her claim to the benefits, Plaintiff makes reference to a document called "Agreement Incident to Divorce" filed on October 1, 1975 in the 24th Judicial District of Refugio County, Texas.

3.      The retirement benefits at issue exist under the Reynolds Metals Company Pension Plan for Hourly Employees.  That plan is an ERISA-covered pension plan.

4.      Claims for benefits under an ERISA pension plan are preempted by the exclusive remedial provisions of ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 401 (1987); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1292-95 (5th Cir. 1989).

5.      The claims asserted by Plaintiff are completely preempted and displaced by ERISA's civil enforcement provisions, 29 U.S.C. §§ 1132 and 1144.  Consequently, this suit is an action which may be removed to this Court pursuant to 28 U.S.C. § 1441(b). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

6.      The Fifth Circuit Court of Appeals has recognized that this type of claim for benefits brought by a potential plan beneficiary is properly classified as an ERISA claim. *See Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 610-11 (5th Cir. 1999).

7.      This notice of removal is being filed within 30 days of service of Plaintiff's First Original Petition on Defendant, Reynolds Metals Company.  Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).  Again, neither of the other defendants have been served. Only properly joined and served defendants are required to join in the notice of removal. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991).

8.      Under 28 U.S.C. § 1441(a) venue of the removed action is proper in this court as the district and division embracing the place where the action is pending.

9.    Attached to this notice of removal and incorporated herein are the following documents:

      (i)    Index of exhibits to notice of removal;

      (ii)    Executed process for service upon Defendant, Reynolds Metals Company (Exhibit "A");

      (iii)    Plaintiff's First Original Petition (Exhibit "B");

      (iv)    A copy of the State Court's civil dockets sheets (Exhibit "C");

      (v)    A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit "D"); and,

      (vi)    Defendant's Original Answer to Plaintiff's First Original Petition (Exhibit "E").

10.    Defendant will promptly give Plaintiff written notice of the filing of this notice of removal and is today filing a copy of that notice, together with a copy of this notice of removal and the attachments with the clerk of the 148th Judicial District Court, Nueces County, Texas, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Southern District of Texas Bar No. 17118
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Reynolds Metals Company's Notice of Removal has been delivered to counsel for Plaintiff by certified mail, return receipt requested, on this the 1st day of March, 2000.

Katharine Henkel
Attorney at Law
1750 Santa Fe
Corpus Christi, Texas 78404

Certified Mail, Return Receipt
Requested # Z 227 977 663

Robert S. Nichols

A

ORI

Citation for Personal Service - RESIDENT (CERTIFIED MAIL)

Lit. Seq. # 5.004.01

No. 00-00509-00-0-E

## T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
REYNOLDS METALS CO.
MAY BE SERVED THROUGH ITS REGISTERED AGENT FOR SERVICE, CORP. SERVICE CO.
800 BRAZOS
AUSTIN, TEXAS
the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

FIRST ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 148th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on __JANUARY 28, 2000__ . A copy of same accompanies this citation.

The file number of said suit being No. 00-00509-00-0-E.
The style of the case is:

CAGE, LOIS JEAN
VS.
BONNER, MADELINE E., ET AL

Said petition was filed in said court by _____KATHARINE HENKEL_____
(Attorney for _____PLAINTIFF_____ ), whose address is
1750 SANTA FE, CORPUS CHRISTI 78404

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the _8th_ day of FEBRUARY , A.D. 2000.

OSCAR SOLIZ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By Gracie Cantu , Deputy
GRACIE CANTU

B

CutePDF - www.1pay1ny.com

CAUSE NO. _____00-509-E_____

| | |
|---|---|
| LOIS JEAN CAGE | IN THE DISTRICT COURT |
| VS. | 148th JUDICAL DISTRICT |
| MADELINE E. BONNER, THE ESTATE OF SAMUEL BONNER AND REYNOLDS METALS COMPANY | NUECES COUNTY, TEXAS |

## FIRST ORIGINAL PETITION

COMES NOW, Lois Jean Cage, Petitioner, and files this her First Original Petition and would respectfully show as follows:

### 1. Discovery Level

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### 2. Parties

This suit is brought by Lois Jean Cage who resides at 1515 Ennis Joslin Rd., Apt. 28, Corpus Christi, Texas 78412. Defendant Madeline E. Bonner lives in Beeville, Texas. Defendant Estate of Samuel Bonner is sued by and through the presumed executor and/or primary beneficiary of his estate, Madeline E. Bonner. Defendant Reynolds Metals Company is a Delaware corporation doing business in Texas.

### 3. Venue

Plaintiff has been a domiciliary of Nueces County, Texas since 1982, prior to and during the accrual of this cause of action.

### 4. Service

Defendant Madeline E. Bonner can be served at _____, Beeville, Texas. Defendant Estate of Samuel Floyd Bonner can be served by and through the presumed executor and/or primary beneficiary of the estate, Madeline E. Bonner at _____, Beeville, Texas. Defendant Reynolds Metals Company can be served by and through its registered agent for service, Corp. Service Co., 800 Brazos, Austin, Texas.

5. Facts

Lois Jean Cage and Samuel Floyd Bonner were married on or about 1956 in Refugio County, Texas. Throughout the marriage Samuel Floyd Bonner worked for Reynolds Metals Company in San Patricio County, Texas and collected retirement rights. The parties were divorced on in Refugio County or about September 22,1975. The Decree of Divorce and the Agreement Incident To Divorce provides that:

"All community property which is not listed in any attached Schedule shall be owned by Wife and Husband as equal cotenants; and each party hereby conveys and assigns to the other an undivided one-half interest in any community property, owned by the granting party, which is not listed on any attached Schedule. "

Samuel Floyd Bonner's retirement proceeds were not listed on any attached schedule and the Agreement Incident To Divorce was incorporated fully into the Decree of Divorce.

Thereafter, Samuel Floyd Bonner married Madeline E. Bonner. Samuel Floyd Bonner continued to work at Reynolds Metals Company until shortly before his death on February 2,1996. Samuel Floyd Bonner died in Galveston County, Texas. Samuel Floyd Bonner and Madeline E. Bonner remained married at the time of the death of Samuel Floyd Bonner.

6. Prayer

WHEREFORE, Plaintiff seeks her community property share of the retirement proceeds of Samuel Floyd Bonner for the nineteen year period of their marriage, including but not limited to interest before and after judgment as provided by law, attorney's fees and such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*Katharine Henkel*

Katharine Henkel
Attorney At Law
State Bar No. 09463490

1750 Santa Fe
Corpus Christi, Texas 78404
(361) 884-9200
(361) 883-7280 fax

NO. 4930

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE | I | IN THE DISTRICT COURT OF |
| OF LOIS JEAN BONNER | I | |
| AND SAMUEL FLOYD BONNER | I | REFUGIO COUNTY, TEXAS |
| AND IN THE INTEREST OF | I | |
| CHET KERWIN BONNER and | I | |
| CHAD KELVIN BONNER, | I | |
| CHILDREN | I | 24TH JUDICIAL DISTRICT |

## AGREEMENT INCIDENT TO DIVORCE

THIS AGREEMENT between SAMUEL FLOYD BONNER, called

Husband, and LOIS JEAN BONNER, called Wife, IS AS FOLLOWS:

### Section I

### CIRCUMSTANCES UNDER WHICH AGREEMENT IS MADE

A.  This agreement is made in contemplation of and incident

to a divorce between Husband and Wife.

B.  The parties are now living apart from one another and

the separation most likely will be permanent.

### Section II

### DIVISION OF PROPERTY

A.  During their marriage the parties have acquired certain

property by means other than gift, devise or descent, and now wish

to divide that property in a manner that is just and right and with

due regard for the rights of each party (and any children of the

marriage).

B.  It is therefore agreed that Wife shall own, possess and

enjoy, free from any claim of Husband, the property listed in

Schedule 1 and that Husband shall own, possess and enjoy

from any claim of Wife, the property listed in Schedule 2.  Husband

-1-

Case 2:00-cv-00093   Document 2   Filed in TXSD on 03/01/2000   Page 16 of 30

hereby conveys and assigns to Wife all property listed in Schedule
1. Wife hereby conveys and assigns to Husband all property listed
in Schedule 2.

C. Husband will timely pay and hold Wife harmless from all
liabilities listed in Schedule 3. Wife will timely pay and hold
Husband harmless from all liabilities listed in Schedule 4. A debt
listed neither in Schedule 3 nor in Schedule 4 will be the sole
responsibility of the party who has incurred or may hereafter
incur it, and the party who incurred it must timely pay it and
hold the other party harmless from it.

D. All community property which is not listed in any attached
Schedule shall be owned by Wife and Husband as equal cotenants;
and each party hereby conveys and assigns to the other an undivided
one-half interest in any community property, owned by the granting
party, which is not listed on any attached Schedule.

## Section III

### SUPPORT OF CHILDREN

A. The parties acknowledge that the following persons,
whether by birth, adoption or other circumstance, are their children
and are entitled to support from the parties:

| Reference Number | Name | Sex | Date of Birth |
|---|---|---|---|
| 1. | Chet Kervin Bonner | Male | December 16, 1959 |
| 2. | Chad Kelvin Bonner | Male | August 25, 1963 |

B. (1) In order to discharge his duty to support the child
designated as Child No. 1 above, Husband agrees to pay the following
sums to the persons or firms, and on the conditions, now stated:
EIGHTY-EIGHT AND 50/100 DOLLARS ($88.50) per month in monthly
installments to LOIS JEAN BONNER with the first installment being

-2-

due on _October 30____, 1975, and on the _30th_ day of
each month thereafter until the child with respect to whom payments
are made shall attain the age of eighteen years.

(2)  In order to discharge his duty to support the child
designated as Child No. 2 above, Husband agrees to pay the following
sums to the persons or firms, and on the conditions, now stated:
EIGHTY-EIGHT and 50/100 DOLLARS ($88.50) per month in monthly
installments to LOIS JEAN BONNER with the first installment being
due on _October 30___, 1975, and on the _30th_ day of each
month thereafter until the child with respect to whom payments
are made shall attain the age of eighteen years.

C.  Each child designated above is a third-party beneficiary
of the covenants made above for his benefit and (in his own name
or by next friend or other representative) may enforce the per-
formance of those covenants.

D.  The contractual benefits and remedies of a child under
this agreement are cumulative of any other rights and remedies now
or hereafter given to the child by law except that any child support
payment made by Husband under a judicial decree for such support
shall constitute credits against and pro tanto discharge of the
support payments called for in this section.

E.  In his Federal income tax return for a calendar year in
which Husband has performed all covenants of support specified above
for the benefit of a given child, Husband shall be entitled to the
dependency exemption for that child and Wife shall not claim any
competing deduction in her return.  However, if during a given
calendar year, taken in its entirety, Husband has failed to furnish
all or any part of the support specified above for the benefit
of a particular child, Husband shall forfeit his right to any dependency

-3-

Case 2:00-cv-00093   Document 2   Filed in TXSD on 03/01/2000   Page 18 of 30

exemption, Federal or state, for that child in that calendar year and Wife shall be entitled to the said deductions for that calendar year.

F. Husband's obligation to or for the benefit of each child designated above shall not cease with Husband's death but shall be an obligation of Husband's estate.

## Section IV

## GOVERNING LAW

This Agreement is performable in Texas and shall be construed and enforced in accordance with the laws of that State.

## Section V

## VENUE OF SUITS RELATING TO THIS AGREEMENT

Any suit arising from or relating to this agreement may be brought in the County in which the judgment of divorce is granted and each party waives any right to a plea of privilege that might exist in the absence of this agreement.

## Section VI

## ATTORNEY'S FEES

Husband hereby agrees to pay to the law firm of SCANIO, TEER & COX, the sum of $125.00 for attorney's fees rendered to Wife in the handling of this divorce. Said fees shall be paid prior to the date the divorce decree is taken.

## Section VII

## ATTORNEY'S FEES IN CASE OF DEFAULT

If a party defaults in performing any of his obligations under this agreement, the party obligee shall be entitled to recover from the defaulting party whatever reasonable attorney's fees, court costs and other expenses the party obligee may incur in enforcing performance. A party obligee shall also be entitled to recover

-4-

Case 2:00-cv-00093 Document 2 Filed in TXSD on 03/01/2000 Page 19 of 30

reasonable attorney's fees and other collection expenses if enforcement or collection must be made through probate or bankruptcy proceedings. "Party obligee" includes a child who is a third-party beneficiary and his next friend or other representative.

### Section VIII

#### AGREEMENT TO SURVIVE JUDGMENT

This Agreement, if approved by the Court and incorporated in the Court's judgment, shall survive the judgment and thereafter be binding on the parties, their heirs and representatives, until it has been fully performed according to its own terms.

### Section IX

#### OTHER PROVISIONS

A. A masculine pronoun, as indicated by its immediate context may include the masculine, feminine or neuter gender or any of them.

B. All Schedules and other instruments referred to in this agreement are incorporated in this agreement as completely as if they were copied verbatim in the body of it.

C. Each party acknowledges that he has carefully read this instrument, including all Schedules and other documents which it refers to; that he has discussed its provisions with an attorney of his own choice and is executing it in reliance on his own judgment and the advice of his own attorney; and that this instrument expresses the entire agreement between the parties concerning the subjects which it purports to cover.

D. With reference to all property referred to or described in this agreement, each party, on or before the day a divorce is granted, shall execute and deliver all deeds, assignments, documents of title and other instruments necessary to vest title in

-5-

the person to whom the property is to belong under this agreement.

E.  This instrument is executed in multiple originals.

## Section X

### REQUEST FOR COURT APPROVAL

The parties respectfully request that the Court having

jurisdiction of their divorce approve this agreement and incorporate

it in any decree of divorce that may be entered.

WITNESS OUR HANDS on the dates of our acknowledgements.

_____
SAMUEL FLOYD BONNER, Husband

_____
LOIS JEAN BONNER, Wife

APPROVED:

_____
Attorney for Wife

THE STATE OF TEXAS      X
COUNTY OF REFUGIO       X

Before me, the undersigned authority on this day personally
appeared LOIS JEAN BONNER, known to me to be the person who executed
the foregoing instrument and acknowledged to me that she executed
the same for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL of office this 22 day of
September, 1975.

_____
Notary Public in and for
Refugio County, Texas

THE STATE OF TEXAS      X
COUNTY OF REFUGIO       X

Before me, the undersigned authority on this day personally
appeared SAMUEL FLOYD BONNER, known to me to be the person who executed
the foregoing instrument and acknowledged to me that he executed the
same for the purposes and considerations therein expressed.

GIVEN UNDER MY HAND AND SEAL of office this 22 day of
September, 1975.

_____
Notary Public in and for
Refugio County, Texas

-6-

Case 2:00-cv-00093   Document 2   Filed in TXSD on 03/01/2000   Page 21 of 30

### SCHEDULE I

1. The parties's residence located at 208 Shelly, Refugio, Texas.

2. The color television located in the residence at 208 Shelly, Refugio, Texas.

3. ~~1971 Pontiac Grand Prix Automobile~~

4. All Household Furniture

5. All Clothing, personal belongings and other property presently in the possession of LOIS JEAN BONNER.

-7-

SCHEDULE II

1.  1972 Pontiac Firebird

2.  All clothing, personal belongings and other property
    presently in the possession of SAMUEL FLOYD BONNER.

-9-

## SCHEDULE III

1.  Husband's Credit Union

2.  First State Bank of Corpus Christi

3.  Allied Finance

4.  Public Finance

5.  Montgomery Ward's

6.  First National Bank of Refugio

7.  Great Western Finance Company

8.  Wooles Department Store

9.  Penny's Department Store

10.  SBA

11.  Exxon Corporation

12.  Gulf Oil Corporation

13.  Dixie Acceptance Corporation

14.  All other community indebtedness or liabilities incurred on or before September 22, 1975.

-9-

C

CutePDF - www.tinypia.com

RUN DATE 02/29/2000
RUN TIME 8:31 AM

* * * C L E R K ' S   E N T R I E S * * *

FROM 01/28/2000  THRU 02/29/2000

PAGE: 001

00-00509-00-0-E

FILED: 01/28/2000

CAGE, LOIS JEAN
VS
BONNER, MADELINE E., ET AL

(10)
OTHER CIVIL CAUSES

* * * DOCKET ENTRIES * * *

| Date | Entry |
|---|---|
| 01/28/2000 | ORIGINAL PETITION FILED |
| 01/28/2000 | REQ FOR SVC SHEET/FF |
| 01/28/2000 | CIVIL CASE INFO SHEET/FF |
| 02/08/2000 | CITATION (PU): MADELINE E. BONNER |
| 02/08/2000 | SERVED: |
| 02/08/2000 | CITATION (PU): SAMUEL BONNER, ESTATE OF |
| 02/08/2000 | SERVED: |
| 02/08/2000 | CITATION (CM): RAYNOLDS METALS CO. |
| | FILED: 02/14/2000 |
| | SERVED: 02/10/2000 |

PRINTED IN U.S.A.

D

ClickPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

LOIS JEAN CAGE                                §
                                             §
                                             §
v.                                           §          CIVIL ACTION NO. _____
                                             §
MADELINE E. BONNER, THE ESTATE               §
OF SAMUEL BONNER AND                         §
REYNOLDS METALS COMPANY                      §

### COUNSEL OF RECORD

1.    Robert S. Nichols

      Attorney-in-Charge

      State Bar No. 15006400

      Southern District of Texas Bar No. 17118

      Bracewell & Patterson, L.L.P.

      2000 One Shoreline Plaza-South Tower

      800 North Shoreline Boulevard

      Corpus Christi, Texas 78401-3700

      Telephone: (361) 882-6644;   Telecopier: (361) 882-6659

      ATTORNEY FOR DEFENDANT

      REYNOLDS METALS COMPANY

E

PDF - www.fastio.com

## CAUSE NO. 00-00509-E

| | | |
|---|---|---|
| LOIS JEAN CAGE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 148th JUDICIAL DISTRICT |
| | § | |
| MADELINE E. BONNER, THE ESTATE | § | |
| OF SAMUEL BONNER AND | § | |
| REYNOLDS METALS COMPANY | § | NUECES COUNTY, TEXAS |

### DEFENDANT REYNOLDS METALS COMPANY'S ORIGINAL
### ANSWER TO PETITIONER'S FIRST ORIGINAL PETITION

COMES NOW Defendant REYNOLDS METALS COMPANY and file this its Original

Answer to Petitioner's First Original Petition in the above-numbered and styled cause, and in support

of its Answer would respectfully show unto the Court the following:

### General Denial

Defendant Reynolds Metals Company asserts a general denial with respect to all matters set

forth in Petitioner's First Original Petition as is authorized by Tex.R.Civ.P. 92 and demands that

Petitioner prove her charges and allegations against Defendant Reynolds Metals Company.

### Affirmative Defense

For further answer, if any is needed, Defendant Reynolds Metals Company alleges that

Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act

(ERISA).

WHEREFORE, Defendant Reynolds Metals Company, having answered Petitioner's First

Original Petition and asserted its defenses thereto, pray that judgment be entered in Defendant

Reynolds Metals Company's favor and that Petitioner's First Original Petition be dismissed in its

entirety.

FILED - OSCAR SOLIZ
CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
2000 FEB 29 P 2: 56
BY
DPTY

DATED: February 29, 2000

Respectfully submitted,

Robert S. Nichols
State Bar No. 15006400
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Defendant Reynolds Metals Company's Original Answer to Petitioner's First Original Petition** has been served on Plaintiff's counsel of record as indicated below on this 29th day of February, 2000.

Katharine Henkel
Attorney at Law
1750 Santa Fe
Corpus Christi, Texas 78404

**Certified Mail, Return Receipt
Requested # Z 227 977 860**

Robert S. Nichols