United States District Court
Southern District of Texas
FILED

APR 05 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LOIS JEAN CAGE § | |
| § | |
| vs. § | CIVIL ACTION NO. C-00-093 |
| § | |
| MADELINE E. BONNER, § | |
| THE ESTATE OF SAMUEL BONNER § | |
| AND REYNOLDS METALS COMPANY § | |

## JOINT CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

This Joint Case Management Plan has been signed by counsel for Plaintiff Lois Jean Cage and counsel for Defendant Reynolds Metals Company. Defendant the Estate of Samuel Bonner has yet to make a formal appearance. Defendant Madeline E. Bonner has been provided with a copy of the Joint Case Management Plan. Defendant Madeline E. Bonner is currently representing herself pro se and has indicated to Defendant's counsel that she does not feel comfortable signing this Joint Case Management Plan until she has retained legal counsel.

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

Answer:

The Rule 26 meeting was held at the law offices of Bracewell & Patterson, L.L.P., 2000 One Shoreline Plaza, South Tower, 800 N. Shoreline Blvd., Corpus Christi, TX 78401-3700 at 10:30 a.m. on Wednesday, March 29, 2000. Katharine Henkel was present for the Plaintiff Lois Jean Cage. Ms. Madeline E. Bonner was present for the Defendant, Madeline E. Bonner. Madeline Bonner was present as the representative for the Estate of Samuel Bonner. However, all of the parties do not necessarily agree that Ms. Bonner is the

appropriate representative for the Estate of Samuel Bonner. Robert S. Nichols was present for Defendant Reynolds Metals Company.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court:

<u>Answer:</u>

There are no cases related to this case.

3. Briefly describe what this case is about.

<u>Answer:</u>

This is a case in which Plaintiff was married to Samuel Floyd Bonner from on or about 1956 until on or about September 22, 1975. According to Plaintiff's original petition, throughout the marriage of Plaintiff and Samuel Floyd Bonner, Samuel Floyd Bonner was employed by Reynolds Metals Company. Plaintiff sues to recover retirement benefits accrued by Samuel Floyd Bonner during his employment at Reynolds Metals Company.

4. Specify the allegations of federal jurisdiction.

<u>Answer:</u>

Jurisdiction of this Court is invoked under 28 U.S.C. § § 1441 and 1446, on the ground of federal question jurisdiction under 28 U.S.C. § 1331.

5. Name the parties who disagree and the reasons.

<u>Answer:</u>

There is no disagreement as to jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Answer:

Parties do not anticipate additional parties.

7. List anticipated interventions.

Answer:

Parties do not anticipate interventions.

8. Describe class-action issues.

Answer:

There are no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Answer:

Each party will prepare and deliver its initial disclosures pursuant to Rule 26(a) on or before April 7, 2000.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Answer: Parties agree that the proposed scheduling order is acceptable.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Answer: Plaintiff will serve its first set of interrogatories to all Defendants on or before June 1, 2000.

C. When and to whom the defendants anticipate it may send interrogatories.

Answer: Defendants will serve their first set of interrogatories on or before August 1, 2000.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

Answer: Plaintiff anticipates taking, at some time prior to the November 1, 2000 discovery deadline, the oral deposition of:

    1.  Madeline E. Bonner; and

    2.  A Reynolds Metals Company pension plan representative.

Plaintiff reserves the right to revise and supplement this list as discovery progresses.

E.  Of whom and by when the defendants anticipate taking oral depositions.

Answer: Defendant Reynolds Metals Company anticipates taking, at some time prior to the November 1, 2000 discovery deadline, the oral depositions of:

    1. Plaintiff Lois Jean Cage; and

    2. Defendant Madeline E. Bonner.

Defendant Madeline E. Bonner does not anticipate taking any depositions. However, Defendants reserve the right to revise and supplement this list as discovery progresses.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(b), and when the opposing party will be able to designate responsive experts and provide their reports.

Answer: Plaintiff will designate experts and provide the reports required by Rule 26(a)(2)(b) by September 1, 2000. Defendants will designate experts and provide the reports required by Rule 26(a)(2)(b) by September 1, 2000. The parties will designate responsive experts and provide their report, by October 12, 2000, as set out in the proposed Scheduling Order.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

Answer: Expert witnesses have not been designated at this time.

However, Plaintiff reserves the right to designate experts as discovery progresses.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Answer: Expert witnesses have not been designated at this time.

However, Defendants reserve the right to designate experts as discovery progresses.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Answer:

Parties agree on all parts of the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Answer:

None to date.

13. State the date the planned discovery can reasonably be completed.

Answer:

Parties agree that discovery can reasonably be completed by November 1, 2000, as set out in the proposed Scheduling Order.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Answer:

The parties discussed settlement at the Rule 26(f) meeting. Prior to discovery, the parties are unable to adequately consider settlement; however, they will discuss settlement after the completion of substantial discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Answer:

Each party has agreed to exchange positions on settlement.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Answer:

The parties agree that mediation may be a reasonably suitable form of alternative dispute resolution for this case after the completion of substantial discovery.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.

Answer:

At this time, the parties do not agree on a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

Answer:

While Plaintiff has not filed a jury demand, Plaintiff intends to make a jury demand in Federal Court.

19. Specify the number of hours it will take to present the evidence in this case.

    Answer:

    Parties estimate that it will take eight hours to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Answer:

    There are no motions pending at this time that could be ruled on at the initial pretrial and scheduling conference. Defendant Reynolds Metals Company does intend to file a dispositive motion in the near future.

21. List all other pending motions.

    Answer:

    There are no other pending motions at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

    Answer:

    There are no other matters deserving of special attention of the Court at the initial pretrial and scheduling conference.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any documents.

    Answer:

    Defendant Reynolds Metals Company filed its Certificate of Interested Parties on March 16, 2000. Plaintiff filed her Certificate of Interested Parties on March 29, 2000.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Answer:

>Katharine Henkel
>Attorney-in-Charge
>State Bar No. 09463490
>Federal I.D. No. 15202
>1750 Santa Fe
>Corpus Christi, Texas 78404
>Telephone: (361) 884-9200
>Telecopier: (361) 883-7280
>ATTORNEY FOR PLAINTIFF
>LOIS JEAN CAGE

>Robert S. Nichols
>Attorney-in-Charge
>State Bar No. 15006400
>Federal I.D. No. 17118
>**Bracewell & Patterson, L.L.P.**
>2000 One Shoreline Plaza-South Tower
>800 North Shoreline Boulevard
>Corpus Christi, Texas 78401-3700
>Telephone: (361) 882-6644
>Telecopier: (361) 882-6659
>ATTORNEYS FOR DEFENDANT
>REYNOLDS METALS COMPANY

>Madeline E. Bonner
>Pro Se
>2210 Siboney Street
>Beeville, Texas 78102
>Telephone: (361) 358-5073
>APPEARING PRO SE FOR DEFENDANT
>MADELINE E. BONNER

Respectfully submitted,

*[signature]*

Robert S. Nichols
Attorney-in-Charge
State Bar No. 15006400
Federal I.D. No. 17118
BRACEWELL & PATTERSON, L.L.P.
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

ATTORNEY FOR DEFENDANT
REYNOLDS METALS COMPANY

*[signature: Katharine Henkel]*  w/ permission by Robert S. Nichols

Katharine Henkel
Attorney-in-Charge
Federal I.D. 15202
State Bar No. 09463490
1750 Santa Fe
Corpus Christi, Texas 78404
Telephone No.: (361) 884-9200
Telecopier No.: (361) 883-7280

ATTORNEY FOR PLAINTIFF
LOIS JEAN CAGE