```
                                              United States District Court
                                              Southern District of Texas
                                                       FILED
   IN THE UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF TEXAS               JUN 29 2000
          CORPUS CHRISTI DIVISION
                                              Michael N. Milby, Clerk
```

| | |
|---|---|
| LOIS JEAN CAGE § | |
| § | |
| v. § | CIVIL ACTION NO. C-00-093 |
| § | |
| MADELINE E. BONNER, § | |
| THE ESTATE OF SAMUEL BONNER § | |
| AND REYNOLDS METALS COMPANY § | |

## PLAINTIFF LOIS JEAN CAGE'S AND REYNOLDS METALS COMPANY'S STIPULATED FACTS

In accordance with the Court's instruction at the Scheduling Conference on May 30, 2000, the parties have agreed to the following stipulated facts in connection with their motions for summary judgment.

1. Samuel Bonner was employed by Reynolds Metals from on or about March 31, 1960, until his retirement on or about July 15, 1992. Dixon Aff. ¶ 2.[1]

2. During his employment, Mr. Bonner was a participant in the Reynolds Metals Company Pension Plan for Hourly Employees (Plan 013) ("Pension Plan"). Dixon Aff. ¶ 2 and Ex. A.

3. At the time of his retirement, Mr. Bonner's wife was Madeline Bonner, to whom he had been married since on or about March 15, 1983. Dixon Aff. ¶ 2 and Ex. B.

---

[1] The Affidavit of Ellen M. Dixon ("Dixon Aff.") with exhibits, referred to in the Stipulated Facts, is attached to Reynolds Metals' second motion for summary judgment under Tab 2.

4. Prior to his marriage to Madeline Bonner, Mr. Bonner was married to Plaintiff Lois Jean Cage from on or about December 15, 1956 until their divorce on or about September 30, 1975. Dixon Aff. ¶ 3 and Ex. C; Plaintiff's First Original Petition ¶ 5.

5. Pursuant to an Agreement Incident to Divorce issued in 1975, the community property of Ms. Cage and Mr. Bonner was divided. Plaintiff's First Original Petition ¶ 5 and Agreement Incident to Divorce attached thereto.

6. The Agreement Incident to Divorce does not specifically list Mr. Bonner's retirement benefits under the Pension Plan as an item of community property to be divided, nor does it otherwise specifically refer to the Pension Plan. *See* Plaintiff's First Original Petition ¶ 5 and attached Agreement Incident to Divorce. However, a provision in the Agreement states:

> All community property which is not listed in any attached Schedule shall be owned by Wife and Husband as equal cotenants; and each party hereby conveys and assigns to the other an undivided one-half interest in any community property, owned by the granting party, which is not listed on any attached Schedule.

Agreement Incident to Divorce ¶ II.D.

7. Upon his retirement on or about July 15, 1992, Mr. Bonner applied for benefits under the Pension Plan. Dixon Aff. ¶ 3.

8. In connection with his request for pension benefits, Mr. Bonner submitted to Reynolds Metals the September 30, 1975 Divorce Decree dissolving the marriage of Mr. Bonner and his former wife, Lois Jean Bonner (now known as Lois Jean Cage). Dixon Aff. ¶ 3 and Ex. C.

9. Mr. Bonner did not submit nor did Reynolds Metals receive a copy of the 1975 Agreement Incident to Divorce until August 1998. Dixon Aff. ¶¶ 3,5.

10. The 1975 Divorce Decree submitted to Reynolds Metals by Mr. Bonner does not specifically identify or refer to the Pension Plan, nor does it specifically refer to Mr. Bonner's retirement benefits; based on the information it was provided, Reynolds Metals concluded that Ms. Cage was not entitled to a share of Mr. Bonner's retirement benefits. Dixon Aff. ¶ 3 and Ex. C.

11. In August 1992, Mr. Bonner began receiving benefits under the Pension Plan. Dixon Aff. ¶ 4.

12. Mr. Bonner subsequently died on or about February 2, 1996. Plaintiff's First Original Petition ¶ 5; Dixon Aff. ¶ 4.

13. Madeline Bonner, Mr. Bonner's wife at the time of his death, began receiving a survivor's annuity upon Mr. Bonner's death and continues to receive that benefit today. Dixon Aff. ¶ 4.

14. On or about August 1998, Ms. Cage, through an attorney, submitted to Reynolds Metals a copy of the Agreement Incident to Divorce dividing the marital assets of Mr. Bonner and Ms. Cage in connection with their divorce in September 1975, and requested assistance in determining her entitlement to any retirement proceeds which may have accrued during her marriage to Mr. Bonner. Dixon Aff. ¶ 5.

15. After reviewing the 1975 Agreement Incident to Divorce, Reynolds Metals determined that the Agreement did not specifically address any division or assignment of retirement benefits from the Pension Plan, nor did it contain any provision addressing the method of dividing the retirement benefits between Ms. Cage and Mr. Bonner. Dixon Aff. ¶ 5. Reynolds Metals therefore concluded that Ms. Cage was not entitled to a share of Mr. Bonner's retirement benefits. Dixon Aff. ¶ 5.

AGREED TO:

*[signature]*

Of Counsel:
Bracewell & Patterson, L.L.P.

Robert S. Nichols
Attorney-in-Charge
Southern District of Texas Bar No. 17118
State Bar No. 15006400
2000 One Shoreline Plaza-South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Telephone: (361) 882-6644
Telecopier: (361) 882-6659

Judy K. Jetelina
Southern District of Texas Bar No. 8960
State Bar No. 12746550
Bracewell & Patterson, L.L.P
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603
Telephone: (210) 226-1166
Telecopier: (210) 226-1133

**ATTORNEYS FOR DEFENDANT REYNOLDS METAL COMPANY**

*[signature]*

Katharine Henkel
Attorney at Law
State Bar No.: 09463490
1750 Santa Fe
Corpus Christi, Texas 78404
Telephone: (210) 226-1166
Telecopier: (210) 226-1133

**ATTORNEY FOR PLAINTIFF LOIS JEAN CAGE**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of June, 2000, a true and correct copy of the above and foregoing Plaintiff Lois Jean Cage's and Defendant Reynolds Metals Company's Stipulated Facts was forwarded to all parties as shown below:

**Defendants Madeline Bonner and Estate of Samuel Floyd Bonner**

Madeline E. Bonner
2210 Siboney Street
Beeville, Texas 78102

CERTIFIED MAIL/RRR

_____
Robert S. Nichols